## JOHN R. GRIFFITHS v. H. REIMERT.

REFEREE'S REPORT, *Construed.* Where, in an action involving mutual accounts referred for trial, the referee reports that, after hearing and considering all the testimony, of the plaintiff's items he allows certain, naming them, and also of the defendant's, certain, naming them, and that there is due a specified balance from the defendant to the plaintiff, *held,* that such report shows an adjudication upon all the items in each account, and the failure to allow those not named is an adjudication against them.

### *Error from Allen District Court.*

ACTION brought by *Reimert* against *Griffiths,* on an account. The facts are stated in the opinion. Trial at the November Term, 1879, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*Murray & Smith,* for plaintiff in error.

*Richards & Simpson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In the case below, H. Reimert, defendant in error, sued John R. Griffiths, plaintiff in error, upon an open account consisting of many and distinct items. The defendant in the action, Griffiths, filed his bill of particulars, charging Reimert with a large number of distinct items of indebtedness. The original suit was brought before a justice of the peace. Without having had any trial, the cause, by agreement of the parties, was certified up to the district court, where both parties filed amended bills of particulars, in which new bills the number of items in each account was largely increased. The cause was then, by agreement of parties, referred to Peter Bell, as referee, who proceeded to hear the said cause, and afterward filed in the district court his findings of law and of fact. Griffiths filed his motion to set aside the report of the referee, assigning, among other reasons, that said referee had failed to make any finding, either favorable or unfavor-

able, as to a large number of items contained in both the plaintiff's and defendant's bills of particulars. This motion was overruled by the court, to which ruling the plaintiff in error excepted.

This presents the only question for our consideration. Did the referee pass upon all the issues presented to him? It is perfectly clear from the report ( the testimony is not preserved ) that he did. It reads: "After hearing all the testimony of the witnesses, and carefully considering all the evidence adduced by both the plaintiff and the defendant, and being fully advised in the premises, I do find and adjudge the questions of fact proven, as follows, to wit:

1st. I find that there is due to the plaintiff from the defendant, on the items set forth in plaintiff's bill of particulars, the sum of four · hundred and ten dollars and twenty-one cents; the items allowed, aggregating the said sum of $410.21, are hereto attached, marked " Exhibit A," and made part of the report.

2d. I find that there is due to the defendant as a legal offset against the said claim of the said plaintiff, the sum of three hundred and forty-three dollars and fourteen cents; the items allowed, aggregating the sum of $343.14, are hereto attached, marked " Exhibit B," and made a part of this report.

3d. I find from the evidence, that there is due to the plaintiff from the defendant, over and above all legal offsets, counter-claims and demands of every kind and nature, the sum of sixty-seven dollars and seven cents ($67.07).

As a conclusion of law, I find and adjudge that the plaintiff is entitled to recover of and from the said defendant, J. R. Griffiths, the said sum of sixty-seven dollars and seven cents, ($67.07,) and entire costs of the suit, and recommend that the court so give judgment."

In the two exhibits referred to are the several items in the two accounts which are allowed. Counsel contend that because the items not allowed are not specifically named, there has been no adjudication as to them. But this misconceives the scope of the finding. After considering all the testimony, the referee allows certain items of the account. This means that he finds that these, and these only, have been proved. He also finds the balance due the plaintiff. The failure to

allow the others is thus an adjudication against them.  We see no error in the ruling, and the judgment will be affirmed.

All the Justices concurring.